## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRAD CAVALIER (#288601)**  CIVIL ACTION NO.

**VERSUS**  22-924-JWD-EWD

**BROCK POCHE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 15, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRAD CAVALIER (#288601)                             CIVIL ACTION NO.

VERSUS                                              22-924-JWD-EWD

BROCK POCHE, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint[1] of Plaintiff Brad Cavalier ("Cavalier"). Based on the required screening of such Complaints under 28 U.S.C. § 1915A, and the authority given to the Court under 28 U.S.C. § 1915(e), it is recommended that this case be dismissed without prejudice for failure to state a claim because Cavalier's failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e.

### I.   BACKGROUND

Cavalier filed this suit on or about November 18, 2022 against Brock Poche and the Ascension Parish Jail alleging violations of his constitutional rights.[2] Cavalier seeks injunctive relief.[3]

### II.  LAW & ANALYSIS

#### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted

---

[1] R. Doc. 1.
[2] Although not docketed in this Court until November 22, 2022, the filing date for documents submitted by inmates is the date the filing was submitted to prison authorities. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (the prison mailbox rule generally applies to filings by inmates and uses the date the filing was submitted to prison authorities for filing as the filing date, rather than the date the document was ultimately filed with the court); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Cavalier's Complaint is dated November 18, 2022, and the envelope in which it was mailed is postmarked November 21, 2022. R. Doc. 1, pp. 5-6.
[3] R. Doc. 1, p. 4. Cavalier requests that medication be given by certified staff and that proper disciplinary actions be taken. He also requests that internal affairs investigate his allegations.

IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The screening process is intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass court screening may be made before service of process or before any defendant has answered. Because Cavalier sues the jail where he is housed and one of the deputies employed at the jail, his Complaint is subject to the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[9]

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Cavalier was granted IFP status on February 13, 2023, so both statutes apply. R. Doc. 5.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

### B. Cavalier Failed to Exhaust Administrative Remedies[10]

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[11] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[12] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [13] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[14] However, a district court may dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[15]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate begins the ARP process by completing a request for administrative remedy or by writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first-step response form within forty (40) days of receipt of the request (five

---

[10] Even if Cavalier had exhausted administrative remedies, the action would be subject to dismissal because administration of the incorrect medication to an inmate amounts to mere negligence, not deliberate indifference. *Mack v. Doe*, No. 08-343, 2008 WL 2097169, at *2 (N.D. Tex. May 16, 2008) ("the three instances on which the wrong medication was administered, amounted to negligence at the most, a claim not cognizable under § 1983.").
[11] 42 U.S.C. § 1997e(a).
[12] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[13] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[14] *Jones*, 549 U.S. at 216.
[15] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

3

days for a complaint under the Prison Rape Elimination Act). If an inmate is not satisfied with the first-step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections (DOC). The DOC Secretary must issue a response within forty-five (45) days from the date the second-step request is received using a second step response form. An inmate dissatisfied with the second-step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

Cavalier's claims are unexhausted on the face of the Complaint. He alleges he was "given someone else's medication" on October 28, 2022, and this suit was filed on November 18, 2022, just twenty-one (21) days later. It is apparent that Cavalier did not exhaust his administrative remedies within this short timeframe.[16] Further, the Complaint shows that Cavalier did not complete the steps of the ARP process; rather he filed suit when his grievance had only been accepted at the first step.[17]

42 U.S.C. § 1997e requires Cavalier to exhaust the administrative remedies available to him at the prison before filing suit in this Court. Because he did not fully exhaust his administrative remedies,[18] his claims should be dismissed without prejudice for failure to state a claim.[19]

---

[16] *See Ceasar v. Louisiana Dept. of Public Safety & Corr.*, No. 17-1691, 2019 WL 6000370, at *3 (M.D. La. Oct. 21, 2019) (dismissing claim as unexhausted on the face of the complaint when the suit was filed nineteen days after incident occurred).
[17] R. Doc. 1, p. 3.
[18] *See Conklin v. Randolph* 553 Fed.Appx. 457, 458 (5th Cir. 2014) (holding that a district court's dismissal on its own motion of a complaint as unexhausted was not in error when the failure to exhaust was apparent from the face of the complaint since the lawsuit was filed five days after the event giving rise to the lawsuit). There is also no indication that Cavalier filed an "emergency grievance" under the ARP procedure, which grievances are subject to a different procedure. Even if Cavalier had filed an emergency grievance, he would still be required to exhaust administrative remedies before filing suit. *Dartson v. Kastner*, No. 06-180, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006).
[19] *Dartson*, 2006 WL 3702634, at *3.

4

## RECOMMENDATION

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to Plaintiff Brad Cavalier's failure to exhaust administrative remedies before filing suit in this Court, as required by 42 U.S.C. § 1997e.[20]

Signed in Baton Rouge, Louisiana, on March 15, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Cavalier is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.